# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KELVEN LEWIS,

        Petitioner,                       Case Number: 2:06-CV-14780

v.                                             HONORABLE PAUL D. BORMAN

LINDA METRISH,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR
## WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Kelven Lewis, a state inmate incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first-degree criminal sexual conduct and assault with intent to do great bodily harm. For the reasons set forth below, the Court dismisses the petition without prejudice.

## I.     BACKGROUND

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of the above-listed offenses. On April 16, 2002, he was sentenced to fifteen to thirty years imprisonment for the criminal sexual conduct conviction and seven to ten years imprisonment for the assault with intent to do great bodily harm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

    I.     Where the evidence at trial did not support the offense charged by the prosecution, appellant was denied adequate notice and opportunity to defend when the court sua sponte amended the information de facto to add a new offense requiring fewer

elements and instructed the jury on such offense in violation of U.S. Const. Am. XIV, Mich. Const. 1963, Art. 1, Sec. 17, 20.

II. The trial court's instruction on the uncharged offense of cunnilingus, an offense which does not require penetration, reduced the prosecution's burden of proof as to the charged offense of criminal sexual conduct involving penetration; counsel's failure to object constituted ineffective assistance.

III. Appellant's sentence of 7 to 10 years imposed for assault with intent to do great bodily harm less than murder violates the two-thirds rule of M.C.L. 769.34(2)(B) and *People v. Tanner*.

The Michigan Court of Appeals remanded the matter to the trial court for correction of the minimum sentence for the assault with intent to do great bodily harm conviction because it violated Mich. Comp. Laws § 769.34(2)(b), and, with respect to the remainder of the application, denied leave to appeal. *People v. Lewis*, No. 246990 (Mich. Ct. App. June 12, 2003).

Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, dated April 17, 2007.

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

I. There was no inculpatory evidence leading to aggravated characters of the assault for assault with intent to do great bodily harm.

II. There was commission of the same offense, in violation of double jeopardy principles and protections.

III. There was no corpus delicti nor inculpatory evidence, leading to penetration.

IV. Ineffective assistance of counsel.

V. Departed from sentencing guidelines.

**II. ANALYSIS**

Respondent argues that all of Petitioner's claims should be denied because they are unexhausted and no avenue for exhaustion remains available in state court.

State prisoners must exhaust available state remedies for their claims before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006), *quoting O'Sullivan*, 526 U.S. at 845. A prisoner " 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Woodford*, 548 U.S. at 92-93. Petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner failed to present any of the claims presented in his habeas corpus petition in state court. While he did present an ineffective assistance of counsel claim to the Michigan Court of Appeals, he did so on a different basis than that asserted here. Therefore, Respondent's argument that no remedy remains available in state court for exhaustion of Petitioner's claims is meritless.

The Michigan Court Rules provide a process through which a petitioner may raise his

3

unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on the petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

Accordingly, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies. Petitioner may move to reopen this matter upon exhausting his administrative remedies. In order not to "'jeopardize the timeliness of a collateral attack,'" the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition until Petitioner returns to federal court. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). This tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of his state court remedies within sixty days from the date of this order and moving to reopen this matter within sixty days of exhausting his state court remedies.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from the date Petitioner filed the pending petition until the time Petitioner moves to reopen this federal habeas proceeding, provided that Petitioner pursues exhaustion of his state court remedies within sixty days from the date of this order and seeks leave to reopen this habeas corpus proceeding within sixty days of exhausting state court remedies.

**SO ORDERED**.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: June 30, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 30, 2008.

                                              s/Denise Goodine
                                              Case Manager